AO 91 (Rev. 11/11)   Criminal Complaint

| | |
|---|---|
| AUSA: Vance | Telephone: (810) 348-1610 |
| Petty | Telephone: (313) 226-0791 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Daniel Marin, Michael N. Gonzales<br>and Benjamin H. Pluto | Case No. | Case: 4:20−mj−30356<br>Assigned To : Unassigned<br>Assign. Date : 9/4/2020<br>Description: RE: DANIEL MARIN,<br>MICHAEL N. GONZALES,<br>BENJAMIN H. PLUTO (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _September 3, 2020_ in the county of _Genesee_ in the _Easten_ District of _Michigan_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute |
| 21 U.S.C. § 841(a) | Possession with Intent to Distribute |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

William Petty, Special Agent, HSI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: _September 3, 2020_

_____
Judge's signature

City and state: _____, Michigan

David R. Grand, U.S. Magistrate Judge
_____
Printed name and title

# AFFIDAVIT

I, William Petty, being duly sworn, state the following:

1. This affidavit is made in support of an application for a criminal complaint seeking an arrest warrant for Daniel MARIN, Michael N. GONZALES, and Benjamin H. PLUTO for conspiracy to distribute and to possession with intent to distribute controlled substances, namely, cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

## BACKGROUND

2. I am a Special Agent with the United States Department of Homeland Security - Homeland Security Investigations (HSI). As such, I am a "federal law enforcement officer" as defined in Federal Rule of Criminal Procedure 41(a)(2)(C).

3. I have been a Special Agent with HSI since 2010. I have received training in identifying various controlled substances and conducting narcotics and illegal drug (Title 21) investigations. I have been involved in numerous dangerous-drug cases involving undercover buys, arrests, and execution of search warrants. I have spoken/worked with other agents with extensive experience in illegal drug

investigations. I have made numerous arrests for violations of Title 21 of the United States Code, Section 333 of the Michigan Penal Code, and am familiar with the identification of many types of controlled substances by sight and color, including marijuana, cocaine, and MDMA (ecstasy).

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses including by speaking with these individuals and/or review of reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## INVESTIGATION

5. On August 21, 2020 HSI El Paso obtained information from a Source of Information (SOI) regarding the sale and purchase of 17 kilograms of cocaine. SOI indicated that a narcotics broker was inquiring about the sale of large quantities of cocaine to an individual identified as FNU LNU, later identified as Daniel MARIN, in Saginaw, MI.

6. On August 28, 2020, an HSI undercover agent (UCA) was successfully telephonically introduced to MARIN. The UCA successfully

negotiated with MARIN the sale and transportation of 17 kilograms of narcotics to MARIN in the Flint, MI area. MARIN agreed to pay $34,000 per kilogram upon delivery in Flint, Michigan.

7. On August 28, 2020, HSI Detroit was contacted by HSI Special Agents (SAs) from the El Paso, Texas office, who were requesting assistance for a potential cocaine transaction in the Detroit area.

8. On September 2, 2020, HSI El Paso agents arrived in Detroit, MI to conduct the cocaine transaction. Personnel from HSI, FBI, Detroit Police Department and Michigan State Police formulated a plan to conduct the cocaine transaction. HSI El Paso agents had the 17 kilograms of cocaine. The cocaine stayed in the possession of HSI until the exchange of $510,000 for the 17 kilograms of cocaine.

9. Pursuant to prior conversations between the UCA and MARIN, MARIN arrived at the Marriott Courtyard in Flint, Michigan at approximately 12:00 p.m. in a white Cadillac CTS. A black minivan and white Ford Fusion also arrived at the Marriott Courtyard. The black minivan was occupied by GONZALES. The white Ford Fusion was occupied by PLUTO.

10. MARIN contacted the UCA and informed the UCA that he was present. The UCA and MARIN entered a hotel room and discussed the transaction. Another UCA brought a bag containing five kilograms of cocaine and 12 kilograms of imitation cocaine. MARIN verified the presence of the cocaine. MARIN left the hotel room and retrieved U.S. currency and a money counter. The currency and money counter were in three bags. MARIN retrieved two bags from the white Ford Fusion occupied by PLUTO and one bag from the black minivan occupied by GONZALES.

11. MARIN returned to the hotel room and showed the UCA the currency. MARIN left the currency in the hotel room while a UCA took the cocaine and imitation cocaine to the black minivan. The UCA showed GONZALES the cocaine and imitation cocaine. GONZALES acknowledged the cocaine at which time law enforcement took MARIN, GONZALES, and PLUTO into custody.

12. Based on the foregoing, there is probable cause to believe that, on or about September 3, 2020, Daniel MARIN, Michael N. GONZALES, and Benjamin H. PLUTO knowingly, intentionally, and unlawfully conspired and agreed with each other and others to distribute and to

possess with intent to distribute controlled substances, namely, cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Respectfully submitted,

_William Petty_
William Petty
Special Agent, HSI

This affidavit was submitted and received by reliable electronic means, and was attested to by the affiant telephonically.

Subscribed and sworn to before me on the  4th  day of September, and/or by reliable electronic means 2020

_David G. Grand_
Honorable David R. Grand
United States Magistrate Judge