UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                       Case No. 1:21-cr-20406

v.                                                 Honorable Thomas L. Ludington
                                                      United States District Judge

DANIEL MARIN,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO DISMISS COURT-APPOINTED COUNSEL**

This matter is before this Court upon Defendant Daniel Marin's *pro se* Motion. ECF No. 64. Because Defendant filed the Motion in a hybrid manner, it will be denied.

**I.**

On June 16, 2021, a grand jury indicted Defendant Daniel Marin for conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 44.

On March 10, 2022, by and through counsel, Defendant filed a motion for a preplea presentence investigation report (PSR). ECF No. 61. The Motion indicated that Defendant was "actively engaged in plea negotiations" and requested a PSR to "give the parties a better sense of the advisory guidelines." *Id.* at PageID.115. To that end, Defendant consented to "exclude the time between the filing of this motion [and] the trial date from the Speedy Trial calculation." *Id.* at PageID.116. Consequently, this Court directed the Probation Department to prepare a full PSR and disclose the same to counsel by April 4, 2022. Further, this Court directed counsel to submit any objections to the PSR on or before April 18, 2022.

On March 28, 2022, Defendant filed a *pro se* Motion to Dismiss Counsel. ECF No. 64.

## II.

Defendant has filed his Motion *pro se* while represented by an attorney, Jeffrey Rupp. By simultaneously proceeding *pro se* and through counsel, Defendant is proceeding in a "hybrid" fashion. *E.g.*, *United States v. Dehar*, No. CRIM. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Faretta v. California*, 422 U.S. 806, 819–20 (1975), the right of self-representation does not include the right to proceed in a hybrid manner, *McKaskle*, 465 U.S. at 183; *see United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Because Defendant has filed a hybrid motion, the Motion will be denied. *United States v. Trout*, No. 1:17-CR-20854, 2022 WL 23289, at *2 (E.D. Mich. Jan. 3, 2022).

Defendant should seek relief from this Court through his Court-appointed attorney.

## III.

Accordingly, it is **ORDERED** that Defendant's *pro se* Motion, ECF No. 64, is **DENIED**.

Dated: April 11, 2022                                             s/Thomas L. Ludington
                                                                                 THOMAS L. LUDINGTON
                                                                                 United States District Judge