UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 1:21-cr-20406-1

v.                                               Honorable Thomas L. Ludington
                                                   United States District Judge

DANIEL MARIN,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS (1) TO DISMISS INDICTMENT UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, (2) TO DISMISS BILL OF PARTICULARS AND FORFEITURE ALLEGATIONS, (3) TO DISMISS INDICTMENT UNDER MORRISON v. CALIFORNIA, (4) TO EXCLUDE EVIDENCE UNDER FOURTEENTH AMENDMENT AND FEDERAL RULES OF CRIMINAL PROCEDURE, (5) FOR INVESTIGATIVE SERVICES UNDER 18 U.S.C. § 3006A, AND (6) TO DISMISS INDICTMENT UNDER SPEEDY TRIAL ACT**

This matter is before this Court upon Defendant Daniel Marin's six *pro se* motions. Although five of the motions will be denied because he filed them while proceeding in a hybrid fashion, all six will be denied on the merits.

I.

In June 2021, a grand jury indicted Defendant for conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 44.

On March 28, 2022, Defendant filed a *pro se* motion to terminate his Court-appointed counsel's representation, ECF No. 64, which was denied 13 days later because Defendant filed the motion *pro se* while represented by an attorney. *United States v. Marin*, No. 1:21-CR-20406, 2022 WL 1085678, at *1 (E.D. Mich. Apr. 11, 2022) (denying the motion for being filed "in a 'hybrid' fashion" (citations omitted)).

While represented by the same attorney, Defendant later filed six more *pro se* motions. ECF Nos. 72; 73; 74; 75; 81; 102. After a *Faretta* inquiry, Defendant's motion to remove court-appointed counsel and to proceed *pro se* was granted in part, allowing Defendant to proceed *pro se* but with Attorney Jeffrey Rupp as standby counsel. *See generally* ECF No. 104.

Proceeding *pro se*, Defendant has since filed two more motions to dismiss. ECF No. 106; *United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1.[1] The Government has responded to all but the latter two motions. *See* ECF Nos. 107–112.

## II.

As a threshold matter, the five motions that Defendant filed *pro se* while represented by court-appointed counsel will be dismissed as improper hybrid motions. By simultaneously proceeding *pro se* and through counsel, Defendant was proceeding in a "hybrid" fashion. *E.g.*, *United States v. Dehar*, No. CRIM. 07-20558, 2008 WL 4937855 (E.D. Mich. Nov. 14, 2008); *see McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even to represent themselves, *see Faretta v. California*, 422 U.S. 806, 819–20 (1975), the right of self-representation does not include the right to proceed in a hybrid fashion, *McKaskle*, 465 U.S. at 183; *see United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Because Defendant filed those five motions in a hybrid fashion, they will be denied. *United States v. Trout*, No. 1:17-CR-20854, 2022 WL 23289, at *2 (E.D. Mich. Jan. 3, 2022).

Yet the hybrid motions will be addressed on the merits because they have been fully briefed and Defendant is now proceeding *pro se*. *See Miner v. Ogemaw Cnty. Rd. Comm'n*, No. 1:21-CV-

---

[1] This motion challenges the seizure of the cashier's check at issue in the First Forfeiture Bill of Particulars in Defendant's criminal case and is, thus, related to his criminal case.

11192, 2022 WL 957534, at *10 (E.D. Mich. Mar. 29, 2022) (excusing party's technical filing error because "Sixth Circuit policy 'values the disposition of cases on their merits'" (quoting *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006))).

### III.

Defendant has filed motions (1) to dismiss his indictment for lack of specificity and failure to state an offense under Federal Rules of Criminal Procedure 12(b)(3)(B); (2) to dismiss the first bill of particulars and the forfeiture allegations in the indictment under Federal Rule of Criminal Procedure 7(c)(2); (3) to dismiss the indictment under *Morrison v. California*, 291 U.S. 82 (1934); (4) to suppress evidence; and (5) for investigative services under 18 U.S.C. § 3006. Each will be addressed in turn.

### A.

Defendant first seeks to dismiss his indictment for lack of specificity and failure to state an offense under Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (v). ECF No. 72. Specifically, Defendant believes the indictment does not sufficiently state or allege the elements of 21 U.S.C. §§ 841(a)(1), 846. *Id.* The Government responds that Defendant's arguments "are without merit." ECF No. 107 at PageID.295.

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The indictment may "state[] the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). And "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of

the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (internal quotation marks and citation omitted). "Courts u[s]e a common-sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989)). But courts should not consider the evidence on which the indictment is based. *See Landham*, 251 F.3d at 1080.

The indictment here is sufficient. First, the indictment contains all the elements of conspiracy to possess with intent to distribute and to distribute cocaine. *Compare United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019) (requiring an agreement to violate the drug laws, the defendant's knowledge of the agreement, and the defendant's voluntary decision to join or to participate in it), *with* ECF No. 67 at PageID.168–69 (alleging that Defendant "knowingly conspired and agreed together and with other persons, both known and unknown to the grand jury, to possess with intent to distribute and to distribute cocaine, in violation of [21 U.S.C. § 841(a)]"). And the indictment specifically states the statutes at issue for this charge, thus giving Defendant fair notice of the charges against him. ECF No. 67 at PageID.168 (charging Defendant with "Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine" under "21 U.S.C. §§ 846 and 841(a)(1)" (emphases omitted)). Finally, the indictment gives the approximate time and place of the charged offense. *Id.* ("[S]ince at least August of 2020, to on or about September 2, 2020, in the Eastern District of Michigan."). Therefore, the indictment sufficiently charges Defendant under 21 U.S.C. §§ 841(a)(1), 846. *United States v. Switzer*, No. 21-20104, 2021 WL 4522309, at *3 (E.D. Mich. Oct. 4, 2021) (holding that an indictment is sufficient if it "identifies the statutes alleged to have been violated, sets forth the essential elements of the charged offenses tracking the relevant statutory language, identifies the victim and the location where the crime

allegedly occurred, and provides the dates or time period of the alleged offenses") (collecting cases).

For these reasons, Defendant's Motion to Dismiss Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), ECF No. 72, will be denied.

### B.

Defendant next seeks to dismiss the first bill of particulars and the forfeiture allegations in the indictment under Federal Rule of Criminal Procedure 7(c)(2). ECF No. 73. Specifically, Defendant alleges that the First Bill of Particulars should be dismissed, warranting the return of his property named in it, because the Government did not specifically identify the property in the indictments. *Id.*

Defendant's arguments lack merit because they are based on a superseded version of Rule 7(c) and the Government has complied with the applicable Rules. In 2009, Rule 7(c)'s "provision regarding forfeiture [became] obsolete." FED. R. CRIM. P. 7(c) advisory committee's note to 2009 amendment. That "language was repeated in [Rule 32.2(a)], which was intended to consolidate the rules dealing with forfeiture." *Id.* Now "[t]he indictment . . . need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks" but must "contain[] notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute" FED. R. CRIM. P. 32.2(a). The indictments provide such notice—albeit with some strain. *See* ECF No. 44 at PageID.63–64 (seeking forfeiture of "[1] any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation and or [2] any property used or intended to be used in any manner or part to commit or to facilitate the commission of such offense"); *accord* ECF No. 67 at PageID.170–71. Then, as noticed, the Government issued a bill of particulars that

specified the property that it would seek. ECF No. 60 at PageID.112. Contrary to Defendant's interpretation, that Bill did not amend the forfeiture allegations in the indictment; it merely notified Defendant of the property that fell within the indictments' forfeiture allegations, which was not only permissible, *see* FED. R. CRIM. P. 32.2(a), but also required, *see* 18 U.S.C. § 983(a)(3).

For these reasons, Defendant's Motion to Dismiss First Forfeiture Bill of Particulars/Motion to Dismiss Forfeiture Allegations, ECF No. 73, will be denied.

## C.

Defendant also seeks to dismiss the indictment under *Morrison v. California*, 291 U.S. 82 (1934). ECF No. 74. Specifically, Defendant asserts his indictment should be dismissed because it does not state that he conspired to do anything with anyone else even though, under "that long tradition of Anglo American Common Law," "[i]t is impossible in the nature of things for a man to conspire with himself." *Id.* at PageID.195–96.

This argument also lacks merit. Granted, the first indictment does not identify the two coconspirators identified in the first superseding indictment. Compare ECF No. 44, with ECF No. 67. But the first indictment still alleged Defendant "knowingly conspired and agreed together and with other persons, both known and unknown to the grand jury." ECF No. 44 at PageID.62; *accord* ECF No. 67 at PageID.168. In sum, the plain language of both indictments refutes Defendant's argument. *United States v. Crayton*, 357 F.3d 560, 567 (6th Cir. 2004) ("We have held that 'an individual's conviction for conspiracy may stand . . . when the indictment refers to unknown or unnamed conspirators and there is sufficient evidence to show the existence of a conspiracy between the convicted defendant and these other conspirators.'" (quoting *United States v. Anderson*, 76 F.3d 685, 688–89 (6th Cir. 1996))).

For this reason, Defendant's Motion to Dismiss Indictment Pursuant to U.S. Supreme Court Decision Morrison v. California 291 U.S. 82 1934, ECF No. 74, will be denied.

### D.

Defendant's next motion seeks to suppress evidence. ECF No. 81. Put simply, the motion is confusing. Based on the Motion's purported ambiguities, the Government has requested that this Court direct Defendant to submit supplemental briefing on "whether he is seeking to exclude evidence in the criminal case, the forfeiture case, or both." ECF No. 109 at PagID.306.

Defendant's motion seems to seek the exclusion of the seized property from his criminal trial. Specifically, he appears to argue the property listed in the Bill of Particulars should be excluded from his trial because it was seized in violation of Section 1 of the Fourteenth Amendment and Federal Rules of Criminal Procedure 41(f)(1)(C) and (D). But Defendant has filed a separate motion regarding the same property in a separate case. *See United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1.

Because Defendant has a seemingly duplicative motion pending and because he filed the motion in a hybrid fashion, Defendant's Motion to Exclude Evidence, ECF No. 81, will be denied.

### E.

Defendant has also filed a motion for investigative services under 18 U.S.C. § 3006. ECF No. 102. Specifically, he believes the Government should pay for him to have an investigator because the Government intends to call an expert witness on the issue of "Criminal Intelligence Analysis." *Id.* at PageID.269 (emphasis omitted). This motion will be denied because Defendant has not established indigence or that an investigator is necessary to his defense.

The Government responds that it does not intend to call a criminal-intelligence analyst. ECF No. 110 at PageID.310. The Government might "offer [opinion] testimony regarding source

countries and source cities of cocaine, methods for transporting cocaine from a source country to a source city, methods of packaging cocaine for transportation, methods testing cocaine, costs of kilograms of cocaine, and user amounts of cocaine versus distribution amounts [of] cocaine." *Id.* The Government will also "have the Spanish language contained in the telephone calls and videos translated into English," which it contends "would not be considered opinion testimony under Rule 16 of the Federal Rules of Criminal Procedure." *Id.*

The Criminal Justice Act (CJA), 18 U.S.C. § 3006A, allows district courts to grant investigative-services requests for indigent defendants as follows:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). The same is true for defendants "who have retained counsel but who are found by the court to be financially unable to obtain the necessary services." *United States v. Siwka*, No. 1:20-CR-20470, 2021 WL 9076520, at *1 (E.D. Mich. Dec. 15, 2021) (quoting 7 *Guide to Judiciary Policy, Defender Services*, pt. A, ch. 3, § 310.10.10(a) (Feb. 25, 2021)).

Defendants bear the burden "to establish an [investigator] is necessary for an adequate defense." *United States v. Thurmon*, 413 F.3d 752, 755 (8th Cir. 2005); *see also United States v. Hardin*, 437 F.3d 463, 469 n.5 (5th Cir. 2006) (requiring the need to be demonstrated with specificity).

The word "necessary" in § 3006(A) requires defendants to show that "(1) such services are necessary to mount a plausible defense, and (2) without such authorization, [their] case would be prejudiced." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002); *see also United States*

*v. Osoba*, 213 F.3d 913, 916 (6th Cir. 2000) (permitting district courts to approve services if "necessary for adequate representation"); *United States v. Clark*, 385 F.3d 609, 618 (6th Cir. 2004) (reviewing district court's denial of funds for abuse of discretion). But "[a]n indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative 'fishing expedition.'" *United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) (quoting *Clark*, 385 F.3d at 618).

But Defendant has not proven his indigence. Despite his affidavit alleging indigence, *see* ECF No. 102 at PageID.273, Defendant has a "pool" of "resources" including "financial support to retain counsel," ECF No. 31 at PageID.57. And, though Defendant successfully removed two attorneys, he never presented his financial indigence as a supporting reason. It requires more than a one-paragraph affidavit to rebut the inference of Defendant's ability to pay based on nearly two years of payments to retained counsel. Because Defendant has not established that he is indigent, his request for investigative services will be denied.

And Defendant has not demonstrated necessity or prejudice. He has not identified a potential investigator, the type of investigator that he would require, the cost of that investigator's services, or whether that investigator would likely find the evidence that he needs. In other words, Defendant requests a "fishing expedition." *Howard*, 621 F.3d at 447 (quoting *Clark*, 385 F.3d at 618); *see also United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002) ("A district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something."). Although difficult to discern, the only evidence he seemingly wishes to rebut is the translation of phone calls from Spanish to English. *See* ECF No. 102 at PageID.270–71 ("Private Investigator will [sic] a [sic] Independent Drug Analysis [sic] Investigate [sic] phone calls from prosecutors [sic] expert that are in spanish [sic] which where [sic] translated to English and interview witnesse's [sic] along with audio and translate audio."). But that translation is not

necessarily expert testimony and is properly contested with a *Daubert* motion. *See, e.g.*, *United States v. Muro*, 784 F. App'x 160, 161 (4th Cir. 2019) (per curiam) (unpublished) (affirming district court's admission of "a transcription and translation prepared by a witness who was not proffered as an expert").

Because Defendant is not indigent and can advance an adequate defense without a private investigator, his Motion for Appointment of Investigator, ECF No. 102, will be denied.

### F.

Defendant's final motion seeks dismissal of his indictment under the Speedy Trial Act, 18 U.S.C. §§ 3161, 3162(a)(2). ECF No. 106. Specifically, he asserts the Speedy Trial Act was violated because his preliminary examination "was reset many times over with out [sic] defendants [sic] consent or knowledge." *Id.* at PageID.284. He adds that all the stipulated adjournments of his pretrial deadlines violated his rights because he "did not receive anything in writing or any expressions that might have" put him on notice "and their [sic] was no consent given" to his attorneys to adjourn the deadlines. *Id.* at PageID.283–84.

But Defendant's Motion "misunderstands the ethical obligations of a licensed attorney and misconstrues an attorney's authority in representing her client." *United States v. White*, No. 1:20-CR-20416, 2022 WL 730638, at *14 (E.D. Mich. Mar. 10, 2022). Defendant's only reason is that his court dates are constantly being delayed without his consent or a waiver form. *See generally* ECF No. 106. While represented by counsel—though Defendant had "authority over the substance of [his] rights"—Attorneys Wolfe and Rupp had "the authority to schedule matters as necessary and the authority to decide procedural matters," including "grant[ing] extensions of time to opposing counsel." *White*, 2022 WL 730638, at *14. Therefore, Defendant's attorneys properly entered all the stipulated adjournments to which he refers. *See* ECF Nos. 29 (pausing speedy-trial

clock from September 18, 2020–October 19, 2020); 30 (same from October 19, 2020–November 19, 2020); 35 (same from January 19, 2021–March 19, 2021); 41 (same from March 19, 2021–May 18, 2021); 43 (same from May 18, 2021–June 17, 2021); 49 (same from August 17, 2021–November 9, 2021); 50 (same from November 9, 2021–February 15, 2022); 59 (same from February 15, 2022–May 17, 2022); 63 (same from May 17, 2022–August 23, 2022). And each of those adjournments was supported by the ends of justice under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

Notably, Defendant's Motion does not acknowledge that each time he filed a new pretrial motion, he paused his own speedy-trial clock until "the conclusion of the hearing on, or other prompt disposition of, such motion[s]." 18 U.S.C. § 3161(h)(1)(D). He has since filed 12 pretrial motions and, accordingly, his speedy-trial clock is not ticking. ECF Nos. 31 (pausing speedy-trial clock from November 10, 2020–November 19, 2020); 37 (same from February 18, 2021–February 26, 2021); 51 (same from December 1, 2021–December 14, 2021); 61 (same from March 10, 2022–March 14, 2022); 64 (same from March 28, 2022–April 11, 2022); 72 (same from July 26, 2022–Present); 73 (same); 74 (same); 75 (same from July 26, 2022–September 13, 2022); 81 (same from August 2, 2022–Present); 102 (same from August 23, 2022–Present); 106 (same from September 30, 2022–Present). And because the Government must respond to his motion in Case No. 1:22-MC-51512, it is unclear whether the speedy-trial clock will begin to run after entry of this Order.

Simply put, Defendant's Motion lacks merits not only because his attorneys had the authority to adjourn his hearing but also because each of his pretrial motions stopped his clock. So Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act Violation of 18 U.S.C. § 3161, ECF No. 106, will be denied.

- 12 -

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), ECF No. 72, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss First Forfeiture Bill of Particulars/Motion to Dismiss Forfeiture Allegations, ECF No. 73, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss Indictment Pursuant to U.S. Supreme Court Decision Morrison v. California 291 U.S. 82 1934, ECF No. 74, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Exclude Evidence, ECF No. 81, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Appointment of Investigator, ECF No. 102, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act Violation of 18 U.S.C. § 3161, ECF No. 106, is **DENIED**.

Dated: October 12, 2022                                          s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge