UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:21-cr-20406-1
                                                  Case No. 1:22-mc-51512

v.

                                                  Honorable Thomas L. Ludington
DANIEL MARIN,                              United States District Judge

        Defendant.
_____/

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTIONS TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

In June 2021, a grand jury indicted Defendant for conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 44.

On March 28, 2022, Defendant filed a *pro se* motion to terminate his Court-appointed counsel's representation, ECF No. 64, which was denied 13 days later because Defendant filed the motion *pro se* while represented by an attorney. *United States v. Marin*, No. 1:21-CR-20406, 2022 WL 1085678, at *1 (E.D. Mich. Apr. 11, 2022) (denying the motion for being filed "in a 'hybrid' fashion" (citations omitted)).

While represented by the same attorney, Defendant later filed six more *pro se* motions. ECF Nos. 72; 73; 74; 75; 81; 102. After a *Faretta* inquiry, Defendant's motion to remove court-appointed counsel and to proceed *pro se* was granted in part, allowing Defendant to proceed *pro se* but with Attorney Jeffrey Rupp as standby counsel. *See generally* ECF No. 104.

Proceeding *pro se*, Defendant then filed two more motions to dismiss. ECF No. 106; *United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1.[1]

All Defendant's pending motions were denied—except the latter motion because the Government had not yet responded to it. *See generally United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 7045597 (E.D. Mich. Oct. 12, 2022). The denied motions were a motion to dismiss the bill of particulars and forfeiture allegations, a motion to suppress, a motion for appointment of an investigator under 18 U.S.C. § 3006A, and three motions to dismiss the indictment. *Id.*

Within the next two weeks, Defendant filed a notice of appeal of the Order denying six of his motions, ECF No. 118, a motion to raise entrapment as a defense at trial, ECF No. 114, a renewed motion to suppress, ECF No. 116, a renewed motion for appointment of an investigator under 18 U.S.C. § 3006A, ECF No. 117, and a motion to strike an 851-enhancement notice, ECF No. 120.

As explained hereafter, this Court will transfer Defendant's pending five motions to the Sixth Circuit Court of Appeals for lack of jurisdiction. *See* ECF Nos. 114; 116; 117; 120; *United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167

---

[1] This motion challenges the seizure of the cashier's check at issue in the First Forfeiture Bill of Particulars in Defendant's criminal case and is, thus, related to his criminal case.

(6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court.") (collecting cases).

Defendant's Notice of Appeal divests this Court of jurisdiction to consider his Motions. When Defendant filed the Notice of Appeal of this Court's Order denying motion to dismiss the bill of particulars and forfeiture allegations, motion to suppress, and motion for appointment of an investigator under 18 U.S.C. § 3006A, jurisdiction over those issues was transferred to the Sixth Circuit Court of Appeals. In this way, the Sixth Circuit is currently tasked with deciding whether Defendant's suppression motion should be granted, the bill of particulars and forfeiture allegations should be dismissed, and Defendant should be appointed an investigator. Obviously, Defendant's renewed motion to suppress, ECF No. 116, and renewed motion for an investigator, ECF No. 117, are aspects of the case involved in Defendant's appeal. So those two motions must be transferred to the Sixth Circuit. Similarly, this Court must transfer Defendant's motion challenging the seizure of the cashier's check at issue in the First Forfeiture Bill of Particulars. *See generally United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1. Because Defendant's Notice of Appeal also challenges the denial of his three motions to dismiss the indictment, the viability of Defendant's entire criminal case is also in the Sixth Circuit's hands. If the Sixth Circuits reverses this Court and grants even one of Defendant's motions to dismiss, then Defendant's motion to raise entrapment, ECF No. 114, would become as moot as his motion to strike the 851-enhancement notice, ECF No. 120. Thus, this Court also lacks jurisdiction over those two motions.

Therefore, Defendants' five pending motions may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984) (transferring motion for appointed counsel to court of appeals because jurisdiction was transferred to the court of appeals);

*see, e.g.*, *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 6775675, at *1 (E.D. Mich. Oct. 11, 2022); *Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 2071088, at *1 (E.D. Mich. June 8, 2022). Consequently, this Court must direct the Clerk of the Court to transfer Defendant's five motions to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that, from Case No. 21-cr-20406-1, the Clerk of the Court is **DIRECTED** to transfer Defendant's Motion to Raise Entrapment Defense, ECF No. 114, Renewed Motion to Exclude Evidence, ECF No. 116, Renewed Motion for Appointment of Investigator under 18 U.S.C. § 3006A, ECF No. 117, and Motion to Strike 851-Enhancement Notice, ECF No. 120, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Further, it is **ORDERED** that, from Case No. 1:22-mc-51512, the Clerk of the Court is **DIRECTED** to transfer Defendant's Motion Re US Customs and Border Protection, ECF No. 1, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

**This is not a final order and does not close the case**.

Dated: October 28, 2022          s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge