UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANIEL MARIN,

        Defendant.
_____/

Case No. 1:21-cr-20406-1
Case No. 1:22-mc-51512

Honorable Thomas L. Ludington
United States District Judge

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTION TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

In June 2021, a grand jury indicted Defendant for conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 44.

On March 28, 2022, Defendant filed a *pro se* motion to terminate his court-appointed counsel's representation, ECF No. 64, which was denied 13 days later because Defendant filed the motion *pro se* while represented by an attorney. *United States v. Marin*, No. 1:21-CR-20406, 2022 WL 1085678, at *1 (E.D. Mich. Apr. 11, 2022) (denying the motion for being filed "in a 'hybrid' fashion" (citations omitted)).

While represented by the same attorney, Defendant later filed six more *pro se* motions. ECF Nos. 72; 73; 74; 75; 81; 102. After a *Faretta* inquiry, Defendant's motion to remove court-appointed counsel and to proceed *pro se* was granted in part, allowing Defendant to proceed *pro se* but with standby counsel. *See generally* ECF No. 104. Proceeding *pro se*, Defendant filed two more motions to dismiss. ECF No. 106; *United States v. Marin*, No. 1:22-MC-51512 (E.D. Mich. Oct. 3, 2022), ECF No. 1.

All Defendant's pending motions were denied—except the latter motion because the Government had not yet responded to it. *See generally United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 7045597 (E.D. Mich. Oct. 12, 2022). The denied motions were a motion to dismiss the bill of particulars and forfeiture allegations, a motion to suppress, a motion for appointment of an investigator under 18 U.S.C. § 3006A, and three motions to dismiss the indictment. *Id.*

Within the next two weeks, Defendant filed a notice of appeal of the Order denying six of his motions, ECF Nos. 118; 119, a motion to raise entrapment as a defense at trial, ECF No. 114, a renewed motion to suppress, ECF No. 116, a renewed motion for appointment of an investigator under 18 U.S.C. § 3006A, ECF No. 117, and a motion to strike an 851-enhancement notice, ECF No. 120.

The five pending motions were transferred to the Sixth Circuit for lack of jurisdiction, *see United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 16544171 (E.D. Mich. Oct. 28, 2022), and are still pending appeal, *see United States v. Marin*, No. 22-2006 (6th Cir. filed Nov. 2, 2022).

Then Defendant filed a motion to produce the search warrants and supporting affidavits that led to the seizure of "7 electronic devices and monies seized from credit union account number 93875-110." ECF No. 123 (cleaned up).

As explained hereafter, this Court will transfer Defendant's pending Motion to Produce to the Sixth Circuit Court of Appeals for lack of jurisdiction.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167

(6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court.") (collecting cases).

This Court does not have jurisdiction to consider Defendant's Motion to Produce. When he filed the Notice of Appeal of this Court's Order denying his three motions to dismiss the indictment, jurisdiction over the viability of his indictment was transferred to the Sixth Circuit Court of Appeals. If the Sixth Circuits reverses this Court and grants even one of Defendant's motions to dismiss, then Defendant's Motion to Produce would become moot here.

Therefore, Defendant's Motion to Produce may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984) (transferring motion for appointed counsel to court of appeals because jurisdiction was transferred to the court of appeals); *see, e.g.*, *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 6775675, at *1 (E.D. Mich. Oct. 11, 2022); *Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 2071088, at *1 (E.D. Mich. June 8, 2022). Consequently, this Court must direct the Clerk of the Court to transfer Defendant's motion to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Defendant's Motion to Produce Search Warrants and Affidavits on 7 Electronic Devices and Monies Seized from Credit Union Account Number 93875-110, ECF No. 123, to the Sixth Circuit Court of Appeals.

**This is not a final order and does not close the case**.

Dated: November 21, 2022            s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge