UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:21-cr-20406-1

v.                                          Honorable Thomas L. Ludington
                                                  United States District Judge

DANIEL MARIN,

       Defendant.
_____/

**OPINION AND ORDER DENYING AS UNTIMELY DEFENDANT'S MOTION TO SUPPRESS, MOTION TO PLEAD INSANITY, AND MOTION TO DISMISS**

In response to the Government's allegation that Daniel Marin led a three-man drug-trafficking conspiracy, he filed a pretrial motion that was denied as untimely. He has since filed three more pretrial motions. Because he has not offered any reason for filing his motions late, they will also be denied as untimely.

**I.**

In June 2021, a grand jury indicted Defendant for conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 44. That indictment also gave Defendant notice of the Government's intent to seek an 851 enhancement for two of his prior convictions. *Id.* at PageID. 63. The case has since been adjourned more than 5 times in 27 months. *See, e.g.*, ECF Nos. 49; 50; 59; 63; 101. On December 1, 2022, the sixth and current Scheduling Order issued, requiring all motions to be "filed by: **December 14, 2022**." ECF No. 133 at PageID.467.

In sum, since the first deadline of October 13, 2021, *see* ECF No. 49, the deadline for pretrial motions has been extended by 14 months—but not beyond December 14, 2022.

On December 14, 2022, the Government filed a superseding indictment, adding a count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846, and elaborating on the details of Defendant's two prior "convictions for serious drug felonies." ECF No. 141 at PageID.493. The first conviction was "for conspiracy to distribute a controlled substance." *Id.* (citing 21 U.S.C. §§ 841(a)(1), 846). The second conviction was for "delivery of a controlled substance." *Id.* (citing MICH. COMP. LAWS § 333.7401(2)(d)(1)).

Then, Defendant filed a motion to strike the Government's notice of its intent to seek a sentencing enhancement against Defendant under 21 U.S.C. § 851. ECF No. 150. That motion was denied as untimely because he filed it after the motion cutoff without good cause. ECF No. 155 at PageID.578 ("In sum, all motions filed after the December 14, 2022 motion deadline are untimely, Defendant's Motion is untimely, and Defendant has not shown good cause.").

Yet, a week later, Defendant filed three more *pro se* pretrial motions 21 days after the deadline to do so, each of which will be addressed in turn:

(1) Motion to Suppress. ECF No. 166 ("Motion to Exclude Documents Produced Under 21 U.S.C. 967 Enforcement Subpoena").
(2) Motion to Dismiss. ECF No. 168 ("Motion to Dismiss Charge 21 U.S.C. 845 in Count 2 Violates the Fifth Amendments Double Jeopardy Clause").
(3) Notice of Insanity Defense. ECF No. 167 ("Motion for Mental Evaluation").

## II.

### A.

If "good cause has been shown," then this Court may excuse the late filing, "extend th[e] deadline[,] and grant relief from the waiver that attaches to motions not filed within th[e] deadline." *United States v. O'Neal*, No. 3:08-CR-107, 2009 WL 1361915, at *1 (E.D. Tenn. May 13, 2009) (citing FED. R. CRIM. P. 12(c), (e)), *aff'd sub nom. United States v. Currier*, 473 F. App'x 469 (6th Cir. 2012) (unpublished).

**B.**

Defendant "has not offered an explanation for why he did not timely file" the Motion to Suppress or the Motion to Dismiss, and "nothing prohibited [him] from making th[ese] motion[s] before the deadline." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010). *See generally* ECF Nos. 166; 168. "[B]ecause [Defendant] deliberately decided not to timely file th[ese] motion[s]," *id.*, and "has not shown good cause as to why the motion deadline, which was previously extended by [more than 14] months, should again be extended," *O'Neal*, 2009 WL 1361915, at *1, the Motion to Suppress and Motion to Dismiss will be denied, and the Sixth Circuit "cannot overturn the district court's conclusion that [Defendant] failed to establish good cause for granting the waiver," *Walden*, 625 F.3d at 965; *see also United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019) (unpublished) (collecting cases holding that "good cause . . . is absent if the failure to timely file resulted from the lawyer's decision not to file a pretrial motion before the deadline").

**C.**

Defendant has also filed a Notice of Insanity Defense, though he filed it as if it was a motion. ECF No. 167. In sum, he seeks to assert the irresistible-impulse defense. For the definition of the irresistible-impulse defense, he cites *Pollard v. United States*, 282 F.2d 450, 462 (6th Cir. 1960). ECF No. 167 at PageID.630–31. Arguing that the irresistible-impulse defense "is a complete defense to all crimes," he cites *United States v. Gonyea*, 140 F.3d 649, 651 (6th Cir. 1998). ECF No. 167 at PageID.631. And arguing that the federal courts recognize the irresistible impulse defense, he cites *Smith v. United States*, 36 F.2d 548, 550 (D.C. Cir. 1929). ECF No. 167 at PageID.631–32.

The problem is that the Notice is 21 days late. The same good-cause standard applies to a notice of insanity defense. *See* FED. R. CRIM. P. 12.2(a) ("The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders."). Similarly, "[a] defendant who fails to" "notify an attorney for the government in writing within the time provided for filing a pretrial motion . . . . cannot rely on an insanity defense." *Id.*

Although the Notice does not mention the words "good" or "cause," it ends with a paragraph arguing Defendant's Notice may be filed "[a]t any time after the Commencement of a prosecution for an[] offense and prior to the Sentencing of the Defendant." ECF No. 167 at PageID.632 (quoting 18 U.S.C. § 4241(a)). That paragraph will be generously construed as an attempt to argue good cause for delay. However, Defendant is incorrect that 18 U.S.C. § 4241(a) creates good cause to file a notice of insanity defense after the deadline for pretrial motions because § 4241 applies to determinations for mental competency to stand trial—not a notice of insanity defense. FED. R. CRIM. P. 12.2 advisory committee's note to 1974 amendment ("This rule does not deal with the issue of mental competency to stand trial."); *accord United States v. Thompson*, 462 F. App'x 561, 565 (6th Cir. 2012) (unpublished) ("Rule 12.2 does not deal with the issue of mental competency to stand trial"). And, based on Defendant's arguments and the cases he cites, there is no reasonable basis to construe his motion as seeking anything except an insanity defense. *See generally* ECF No. 167. That is, Defendant "has not offered an explanation for why he did not timely file" the Notice of Insanity Defense, and "nothing prohibited [him] from making th[ese] motion[s] before the deadline." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010).

**D.**

In sum, any motion filed after December 14, 2022 is untimely, Defendant's Motions are untimely, and Defendant has not shown good cause. So the untimely motions will be denied.

**III.**

As a final matter, Defendant previously filed a motion to strike the Government's notice of an 851 enhancement, which was denied without prejudice. ECF No. 155.

Defendant's briefing for that motion raised an apparent conflation of 21 U.S.C. § 851 and the Sentencing Guidelines that is worth clarifying. In sum, Defendant argued § 851 cannot apply to him because two of his prior felony convictions are not "controlled substance offenses" as defined in USSG § 4B1.1, the career-offender guideline enhancement. *See generally* ECF No. 150.

But "Section 851 is not the same as the career offender guideline or the Armed Career Criminal Act (ACCA) at 18 U.S.C. § 924(e)." FED. DEF. SERVS. OFF., HOW A PERSON WHOSE SENTENCE WAS PREVIOUSLY ENHANCED BASED ON A "FELONY DRUG OFFENSE" UNDER 21 U.S.C. § 851 WOULD RECEIVE A LOWER SENTENCE TODAY 1, https://www.fd.org/sites/default/files/criminal_defense_topics/essential_topics/sentencing_resources/clemency/clemency-how-a-person-who-received-851-enhancement-would-receive-a-lower-sentence-today.pdf [https://perma.cc/M3QT-5S4V]. "Because a 'controlled substance offense' under the career offender guideline does not include simple possession of drugs, and is subject to a staleness limitation, a defendant who is not a career offender under the guidelines can nonetheless receive § 851 enhancements." *Id.* at 3. "When the prosecutor files a § 851 enhancement (and does not withdraw it before sentencing), the judge must automatically apply the enhanced mandatory minimum so long as the conviction or diversionary disposition is final and established beyond a

reasonable doubt to exist." *Id.* at 2. Generally, that requires only a certified copy of the conviction or disposition. *See* FED. R. EVID. 803(8); 901(2).

Notably, "the impact of a filed 851 information on the average sentenced imposed is substantial." U.S. SENT'G COMM'N, APPLICATION AND IMPACT OF 21 U.S.C. § 851: ENHANCED PENALTIES FOR FEDERAL DRUG TRAFFICKING OFFENDERS 30 (2018), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180712_851-Mand-Min.pdf [https://perma.cc/8TC8-X6QT]. On the other hand, "a government decision to withdraw an 851 information generally resulted in a significantly reduced sentence." *Id.* at 30–31. The average sentence increase of 851 enhancements is 61 months. *Id.* at 71.

Defendant may nevertheless contest the § 851 enhancement "after conviction but before pronouncement of sentence." 21 U.S.C. § 851(b). If he does so, however, he should be aware of the applicable procedures and standard of review as follows:

> **(a)** INFORMATION FILED BY UNITED STATES ATTORNEY
> **(1)** No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.
> **(2)** An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.
> **(b)** AFFIRMATION OR DENIAL OF PREVIOUS CONVICTION

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c) **DENIAL; WRITTEN RESPONSE; HEARING**
  (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.
  (2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

(d) **IMPOSITION OF SENTENCE**
  (1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.
  (2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) **STATUTE OF LIMITATIONS**
No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred

- 8 -

> more than five years before the date of the information alleging such prior conviction.
>
> #

21 U.S.C. § 851.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Exclude Documents Produced Under 21 U.S.C. 967 Enforcement Subpoena, ECF No. 166, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion for Mental Evaluation, ECF No. 167, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss Charge 21 U.S.C. 845 in Count 2 Violates the Fifth Amendments Double Jeopardy Clause, ECF No. 168, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 9, 2023    s/Thomas L. Ludington
                         THOMAS L. LUDINGTON
                         United States District Judge