UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DANIEL MARIN,

       Defendant.
_____/

Case No. 1:21-cr-20406-1

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE**

Transporting more than half a million dollars to purchase nearly forty pounds of cocaine, Daniel Marin led a three-car convoy to meet a member of a Mexican drug cartel at a hotel in Flint, Michigan. Little did he know, he was actually meeting undercover agents who recorded everything from their phone calls to the meeting in the hotel room. So alleges the Government.

Marin wants to go to trial. But first, he seeks to exclude three subjects of evidence:

(1) testimony from the Government's drug-trafficking expert who will testify to the source, packaging, and amount of the cocaine as evidence that Marin intended to traffic it, not to use it;
(2) the Government's prearrest laboratory report confirming that some of the packaged powder used in Marin's sting was cocaine; and
(3) a certified translator's English transcripts of Spanish telephone conversations with Marin and undercover agents.

Because all his motions are premature and nevertheless fail on the merits, they will be denied without prejudice.

I.

In December 2022, Defendant Daniel Marin was indicted on one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and one count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846.

Second Superseding Indictment, ECF No. 141 at PageID.491–94. Notably, Marin also faces a sentencing enhancement under 21 U.S.C. § 851 for two prior "convictions for serious drug felonies." *Id.* at PageID.492–93. His first conviction was "for conspiracy to distribute a controlled substance," *id.* (citing 21 U.S.C. §§ 841(a)(1), 846), his second for "delivery of a controlled substance," *id.* (citing MICH. COMP. LAWS § 333.7401(2)(d)(1)); *see also* ECF No. 171 at PageID.648–51 (making Marin well aware of the costs and benefits of § 851 enhancements).

In this case, Marin has successfully invoked his right to represent himself despite having the financial means to retain counsel, *see* ECF No. 104 (permitting Marin to represent himself with retained counsel proceeding as standby counsel); ECF No. 135 at PageID.474 (denying Marin's third motion to proceed without prepaying because "he did not even mention the money that he received 'to retain counsel' or how much if any remains").

Since then, Daniel Marin has filed 20 *pro se* motions that lacked merit or were untimely. *See* ECF Nos. 64; 72; 73; 74; 75; 81; 102; 106; 114; 116; 117; 120; 122; 124; 123; 131; 150; 166; 167; 168; *United States v. Marin*, 597 F. Supp. 3d 1162 (E.D. Mich. 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 7045597 (E.D. Mich. Oct. 12, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 16544171 (E.D. Mich. Oct. 28, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 17093930 (E.D. Mich. Nov. 21, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 138033 (E.D. Mich. Jan. 9, 2023).

And he has filed two unsuccessful appeals. ECF Nos. 118; 130; *see also United States v. Marin*, No. 22-2006 (6th Cir. Dec. 9, 2022), ECF No. 19-1 (dismissing Marin's appeal for lack of jurisdiction); *United States v. Marin*, No. 22-2079 (6th Cir. Jan. 4, 2023), ECF No. 4-1 (same).

In December 2022, Marin filed four more *pro se* motions, which will be addressed in turn:

(1) Motion to Exclude Expert/Opinion Testimony. ECF No. 145.

(2) Motion to Join Codefendant's Motion to Exclude Expert/Opinion Testimony. ECF No. 147.
(3) Motion to Exclude Laboratory Report. ECF No. 144
(4) Motion to Exclude Phone Evidence/English–Spanish Translated Transcripts. ECF No. 143.

## II.

Defendant's Motion to Exclude Opinion Testimony will be discussed first. ECF No. 145.

### A.

"At the defendant's request, the government must disclose to the defendant, in writing, the information" for each expert witness that it intends to use during its case-in-chief at trial. FED. R. CRIM. P. 16(a)(1)(G)(i), (iii). Among the required information is a written summary of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications," as well as a list of every case in the past four years in which the expert testified. *United States v. Mills*, No. 16-CR-20460, 2019 WL 3423318, at *4 (E.D. Mich. July 30, 2019) (citing FED. R. CRIM. P. 16(a)(1)(G)(iii)). Without that information, a motion to exclude an expert's opinion testimony is usually premature. *United States v. Fitts*, No. 3:19-CR-75-PLR-DCP-1, 2020 WL 2515959, at *4 (E.D. Tenn. May 15, 2020).

### B.

#### 1.

Marin's Motion to Exclude Expert/Opinion Testimony is premature. As was stated months ago, the Government "***shall*** . . . [p]rovide [its Rule 16(a)(1) disclosures ***u]pon the request of defense counsel***." ECF No. 101 at PageID.256. Meanwhile, "[t]he Government has not provided formal notice of its intent to offer expert testimony." ECF No. 163 at PageID.608. And, though it is unclear whether Marin has made such a request, his Codefendant "awaits disclosure making this Motion perhaps best heard for argument after such disclosure." ECF No. 142 at PageID.500;

*accord* ECF No. 145 at PageID.528. Indeed, the Parties' deadline to submit expert-witness disclosures is April 17, 2023. ECF No. 169.

"[B]ecause Defendant has not received any discovery regarding expert witnesses that the government may call to testify, th[is] Court finds there is no basis for it to conduct a pretrial *Daubert* [analysis] at this time. *Fitts*, 2020 WL 2515959, at *4. Therefore, Marin's Motion to Exclude Expert/Opinion Testimony will be denied, which would generally warrant leave to refile it if the Government intends to introduce opinion testimony from a drug-trafficking expert. *See, e.g.*, *United States v. Zube*, No. 1:20-CR-20491, 2022 WL 625071, at *3 (E.D. Mich. Mar. 3, 2022).

### 2.

Yet Marin's Motion to Exclude Expert/Opinion Testimony also lacks merit. Marin makes only one argument: that the Government's proposed opinion testimony should be excluded under Federal Rule of Evidence 403. ECF No. 145 at PageID.531 ("The testiMony Will be UnfaiR prejudice, confusing the issues and MisLEAding the jury and wiLl be exCludable UndeR Fed. RulE. EVID 403."); *id.* at PageID.535 (adding that "they are Unhelpful and therefoRe Superfluous and a Waste of TiMe" (citing 7 Wigmore § 1918)).

Aside from those conclusory statements, however, Marin only addresses the risk of "confusing the issues." *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."). Specifically, he argues the proposed opinion testimony "is highly cofffusing" because the Criminal Complaint and the Homeland Security Report "aRe Conflicting," which "clearly Shows that the Cocaine Stayed in poSSesion of the UndeR Cover Agent, the Whole tiMe." *Id.* at

PageID.533–34. Two more times, Marin repeats this potentially inculpatory statement that he accompanied Homeland Security agents who were carrying bags of cocaine to be exchanged for $510,000. *See id.* at PageID.529 ("The cocaine stayed in the possession of Homeland Security until the exchange of $510,000"); *id.* ("The Foundational Fact here is that the Cocaine never left the hands of the undercover agents, the undercover agents imported, exported and packaged the cocaine.").

But that argument merely begs the question. Why would a jury be confused if they heard, as Marin says, that he was with undercover agents who were carrying duffel bags of cocaine that had yet to leave their hands but would be exchanged for $510,000? And how would that confusion substantially outweigh the probative value of the proposed testimony?

Marin does not answer these questions. *See generally* ECF No. 145. Yet, how could he without the Government's disclosures, which have not yet been provided? To prevent injustice, in Marin's interest, his Motion to Exclude Expert/Opinion Testimony will be denied without prejudice. *E.g.*, *Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 2287922, at *4 (E.D. Mich. June 24, 2022) ("Plaintiff has not advanced any argument as to how the prejudicial effect of the police report or the statements therein might substantially outweigh the probative value." (citing FED. R. EVID. 403)); *Szappan v. Meder*, No. 1:18-CV-12244, 2022 WL 1224471, at *3 (E.D. Mich. Apr. 26, 2022) ("[A]side from a conclusory statement, Plaintiff has not stated how any prejudicial effect of those statements would substantially outweigh their probative value." (citing FED. R. EVID. 403)); *see also Johnson v. Carnival Corp.*, 533 F. Supp. 3d 1196, 1202 (S.D. Fla. 2021) ("The movant has the burden to demonstrate that the evidence is inadmissible." (citing *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010))).

**3.**

In any event, the Government need only prove that Marin *intended* to distribute real cocaine or that Marin *attempted* to possess real cocaine. That is, the Government need not prove that the cocaine was real, only that Marin *thought* that the cocaine was real. *United States v. Cegledi*, 441 F. App'x 870, 872 (3d Cir. 2011) (unpublished) ("'[A] defendant can be guilty of an attempt to sell drugs even if the purported drugs turn out to be a non-controlled substance,' [if] there is a 'strong evidentiary basis' to show that the defendant believed the drugs to be real and intended to distribute them as such." (first quoting *United States v. Cooper*, 121 F.3d 130, 135 (3d Cir. 1997); and then quoting *United States v. Everett*, 700 F.2d 900, 908 (3d Cir. 1983))); *see also* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846.

And, as the Chief Judge of the Sixth Circuit recently explained, "[c]onstrued broadly, a transfer does not require a recipient to take possession of the drugs, making it irrelevant that the victim never touches the drugs and remains oblivious to their existence." *United States v. Wallace*, 51 F.4th 177, 184 (6th Cir. 2022) (Sutton, CJ, concurring) (citing *United States v. McKenzie*, 743 F. App'x 1, 2–3 (7th Cir. 2018) (unpublished)). So, in this case, it does not really matter whether the cocaine ever left the hands of the undercover agents.

In sum, the two issues—whether Defendants touched the cocaine and whether the cocaine was real—are not dispositive. For these reasons, Marin's Motion to Exclude Expert/Opinion Testimony will be denied without prejudice.

**4.**

Incidentally, Marin should be aware of the potential admissibility of his court filings. Because of his apparent attempt to admit facts, this Court could "construe[] the[] motion[] as requests for judicial notice under Federal Rule of Evidence 201" and direct the Government's

response. *Clinton v. Desantis*, No. CIVS05-1600-LKK-CMKP, 2008 WL 4279712, at *22 (E.D. Cal. Sept. 16, 2008). Although "courts may take 'judicial notice of an adjudicative fact' under Federal Rule of Evidence 201(b)(2)," Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 13 (2022), doing so in a criminal case could prejudice the defendant's "Sixth Amendment right to a jury trial," *see United States v. Jones*, 580 F.2d 219, 223–24 (6th Cir. 1978) (quoting 1974 U.S.C.C.A.N. 7075, 7080). So Marin will receive "'the benefit of the doubt' on this issue." *Boone v. Stieve*, No. 1:12-CV-14098, 2022 WL 17094718, at *6 (E.D. Mich. Nov. 21, 2022) (quoting *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1049 (E.D. Mich. 2022)).

If Marin seeks judicial notice of any facts, then he must file a motion under Federal Rule of Evidence 201 expressly requesting that relief.

### III.

Marin has also filed a motion to join Codefendant Benjamin Henry Pluto's motion to exclude the same opinion testimony. ECF No. 147.

But Pluto's motion was denied as premature because he also "has not received any discovery regarding expert witnesses that the government may call to testify." *United States v. Pluto*, No. 1:21-CR-20406-3, 2023 WL 138031, at *3 (E.D. Mich. Jan. 9, 2023) (quoting *United States v. Fitts*, No. 3:19-CR-75-PLR-DCP-1, 2020 WL 2515959, at *4 (E.D. Tenn. May 15, 2020)). The same is true of Marin's Motion to Exclude Expert/Opinion Testimony. *See* discussion *supra* Section II.A.B.1. Again, the deadline for expert-witness disclosures is April 17, 2023. ECF No. 169. For seeking to join a motion that was denied without prejudice as premature, Marin's Motion to Join will also be denied without prejudice.

## IV.

Marin's next motion attempts to exclude a laboratory report of powder used during his sting operation.[1] In sum, he argues that he is entitled to confront the lab technician under the Confrontation Clause of the Sixth Amendment and that the laboratory report lacks chain of custody and is not authentic. *See generally* ECF No. 144. But, as explained hereafter, those arguments are premature and lack merit.

### A.

Marin is correct that he has the right to confront the laboratory technician at trial if the Government submits the laboratory report as evidence. *Bullcoming v. New Mexico*, 564 U.S. 647, 661 (2011) (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 319–20 n.6 (2009)).

But his arguments against the purported testimony are premature. The Government intends to call the technician to testify to the foundation of the laboratory report but has yet to provide Marin with notice or a summary of the technician's expected testimony. ECF No. 161 at PageID.594–95; *see also* FED. R. EVID. 104(b) (discussing conditional relevance); FED. R. CRIM. P. 16(a)(1) (discussing the Government's required disclosures). However, the Government's deadline to provide such disclosures is April 17, 2023. ECF No. 169.

Because the Government has not provided any substantive disclosures, Marin cannot make substantive objections to the expected testimony, which was also the case with his premature Motion to Exclude Expert/Opinion Testimony and his Motion to Join, *see* discussion *supra* Parts II, III. And he may nevertheless cross-examine the laboratory technician at trial. For these reasons, Marin's first argument is premature and lacks merit.

---

[1] Based on the record, some of the powder used at Marin's sting operation might not have been real cocaine. And it is not altogether clear whether the laboratory report reflects the testing results of all the real or fake cocaine or some combination of it.

**B.**

Marin also argues that testing the cocaine seven days before it was used in his arrest means that the laboratory report is inadmissible. ECF No. 144 at PageID.517. Not so.

"Physical evidence is admissible when the possibility of misidentification or alteration is 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (quoting *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997)). "Merely raising the *possibility* of tampering is insufficient to render evidence inadmissible." *Id.* (citing *United States v. Kelly*, 14 F.3d 1169, 1175 (7th Cir. 1994) (emphasis added)). If "there is no evidence indicating that tampering with the exhibits occurred, [then] courts presume public officers have discharged their duties properly." *United States v. Knowles*, 623 F.3d 381, 386 (6th Cir. 2010) (quoting *Allen*, 106 F.3d at 700 (alteration in original)). "Furthermore, 'challenges to the chain of custody go to the weight of the evidence, not its admissibility.'" *Combs*, 369 F.3d at 938 (quoting *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990)); *see also Baker v. Kassulke*, 959 F.2d 233 (6th Cir. 1992) (unpublished table decision) (holding that criminal defendants are "not constitutionally entitled to an 'air-tight' chain of custody.").

As the movant, Marin "has the burden to demonstrate that the evidence is inadmissible." *Johnson v. Carnival Corp.*, 533 F. Supp. 3d 1196, 1202 (S.D. Fla. 2021) (citing *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)).

Here, Marin has provided no evidence of tampering. True, he noted a seven-day gap between the test and his arrest. But he has not met his burden to explain what, if anything, occurred during those seven days that could taint the chain of custody. *See generally* ECF No. 144. Thus, his argument does not present sufficient evidence of tampering. *United States v. Williams*, 640 F. App'x 492, 497–98 (6th Cir. 2016) (unpublished) (holding that "conducting a presumptive test in

an evidence room . . . does not easily fit the mold of 'tampering'"). If anything, Marin has merely raised the possibility of tampering, which is a meritless argument. *Id.* And, even if his chain-of-custody argument had some footing, it would fall to the jury. *Combs*, 369 F.3d at 938; *Allen*, 106 F.3d at 700.

In any event, Marin's timing argument is premature. The Government acknowledges the seven-day delay, adding that the cocaine "was tested for the purpose of being utilized in subsequent criminal investigations such as the case at bar." ECF No. 161 at PageID.595. Therefore, the Government "will provide testimony establishing the chain of custody of the cocaine used in this investigation." *Id.* For this reason too, "the district court [will] properly overrule[ Marin]'s objection going to the chain of custody." *Allen*, 106 F.3d at 700; *see also* FED. R. EVID. 104(b).

For those reasons, Marin's Motion to Exclude Laboratory Report will be denied without prejudice.

V.

Marin's final pending motion seeks to exclude English–Spanish translations of recorded telephone conversations between him and undercover agents of the Department of Homeland Security. In sum, he argues that he is entitled to confront the translator under the Confrontation Clause of the Sixth Amendment, that the transcripts lack chain of custody and are not authentic, and that the transcripts should be excluded under the Best Evidence Rule. *See generally* ECF No. 144. But, as explained hereafter, those arguments are premature and lack merit.

A.

Again, Marin may confront the translator at trial if the Government submits the translated transcriptions as evidence. *Bullcoming v. New Mexico*, 564 U.S. 647, 661 (2011) (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 319–20 n.6 (2009)).

But, again, his attempt to exclude the transcripts is premature. Marin has not said whether the Government has provided the transcripts to him. *See generally* ECF No. 143. Further, the Government "intends to have the person who transcribed the conversations testify and that person will be subject to cross examination." ECF No. 160 at PageID.590. And the undercover agent "who spoke with Marin over the phone [will] testify regarding the conversations and the details of those conversations. *Id.* at PageID.589–90. The Government adds that it will establish the authenticity of Marin's voice in the calls "based on the totality of the circumstances of the case, including Marin's actions and presence at the kilogram sale in the manner agreed to during the calls, details discussed during the calls, and the UCA's familiarity with Marin's voice over the course of the conversations." *Id.* at PageID.589. These details, if provided, would likely establish the admissibility of the phone calls and confirm Marin's participation in them. *See* FED. R. EVID. 602; 801(d)(2)(A), (E); 901. The Government's deadline to provide such disclosures is April 17, 2023. ECF No. 169.

Because the Government has not provided any substantive disclosures, Marin cannot make substantive objections to the expected testimony, which was also the case with his other premature motions. *See* discussion *supra* Parts II, III, IV. In any event, Marin may cross-examine the translator and undercover agent at trial. Therefore, the first argument is premature and lacks merit.

B.

With respect to chain of custody, like his argument against the laboratory report, Marin has not provided any evidence of tampering and the Government has not provided its disclosures. *See* discussion *supra* Section IV.B. Therefore, this argument is premature and lacks merit.

## C.

Marin's final argument to exclude the transcripts is that they should be excluded under the Best Evidence Rule. ECF No. 143 at PageID.508 (citing FED. R. EVID. 1002). Specifically, he argues that the Government must permit the jury to hear the recordings of the telephone conversations if it wants to admit the transcripts. ECF No. 143 at PageID.508 (citing *United States v. Chavez*, 976 F.3d 1178 (10th Cir. 2020)).

Indeed, "a court may not admit a transcript of a recording to prove the contents of that recording unless the recording itself is admitted or an express exception to the best-evidence rule applies." *Chavez*, 976 F.3d at 1203.

But the other speaker on the phone-call recordings will testify, ECF No. 160 at PageID.589–90, making the Best Evidence Rule inapt. *See United States v. Conteh*, 234 F. App'x 374, 387 (6th Cir. 2007) (unpublished) ("The best evidence rule is not applicable when a witness testifies from personal knowledge of the matter, even though the same information is contained in a writing." (quoting *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D.Del. 1978) (alteration in original))). And the Government will provide the recordings as corroboration of the undercover agent's oral testimony, *see* ECF No. 160 at PageID.589, which also makes the Best Evidence Rule inapt, *United States v. Martin*, 920 F.2d 393, 397 & n.3 (6th Cir. 1990).

For those reasons, Marin's argument to exclude the recorded phone conversations lacks merit, and his Motion to Exclude will be denied with respect to them.

## D.

In the end, Marin also mixes in an argument that the cell phones that the Government seized from him and Codefendants are not admissible under Rules 403 and 901. ECF No. 143 at PageID.510.

Marin's Rule 403 argument fails because he has not provided any argument with respect to the cell phones' probative value or unfair prejudice. *See* FED. R. EVID. 403. *See generally* ECF No. 143.

And Marin's Rule 901 argument that the phones are not authentic is premature and lacks merit because the Government intends to establish relevance, chain of custody, and authenticity at trial. *See* ECF No. 160 at PageID.590–91; *see also* FED. R. EVID. 104(b), 901; *supra* discussion IV.B.

## VI.

Accordingly, it is **ORDERED** that Defendant's Motion to Exclude Opinion/Expert Testimony, ECF No. 145, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Join Codefendant's Motion to Exclude Expert/Opinion Testimony, ECF No. 147, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Exclude Laboratory Report, ECF No. 144, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Exclude Phone Evidence/English–Spanish Translated Transcripts. ECF No. 143, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 11, 2023             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge