UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                         Case No. 1:21-cr-20406-1

v.                                                             Honorable Thomas L. Ludington
                                                                    United States District Judge

DANIEL MARIN,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR**

On December 27, 2022, Defendant Daniel Marin filed a *pro se* motion to strike the Government's notice of its intent to seek a sentencing enhancement against Defendant under 21 U.S.C. § 851. ECF No. 150.

The Motion to Strike was denied as untimely because "Defendant ha[d] not shown good cause." ECF No. 155 at PageID.578.

On January 18, 2023, Defendant filed a "motion to correct record on opinion order in regards to motion to strike 851 enhancement." ECF No. 175. In sum, he "ContendS that his Motion to Strike 851 enhanceMent iS not being argued UndeR 4B1.1 CarrER OffendeR." *Id.* at PageID.671. Rather, it "is being argued UndeR the FiRSt Step Act Section 401 and the Controlled Substance Act." *Id.* at PageID.671 (citing 21 U.S.C. § 801 *et seq.*). Defendant cites Federal Rule of Criminal Procedure 36 for his request. *Id.* at PageID.673–74.

Defendant's Motion to Correct Record does not warrant relief because "no prejudice resulted from th[e purported] error." *McCormick v. Brzezinski*, No. 08-CV-10075, 2009 WL 174129, at *3 (E.D. Mich. Jan. 23, 2009).

The prior Order denied Defendant's Motion to Strike 851 Enhancement because he failed to provide good cause for filing it after the deadline to do so. ECF No. 155 at PageID.578. But Defendant neither argues that the Motion to Strike was improperly denied on that ground nor that there was good cause for his late filing.

And Defendant's Motion to Correct must be denied because "Rule 36 . . . may not be used to correct errors made by the court itself." *United States v. Gianfortuna*, No. 06-CR-20172, 2014 WL 4594820, at *2 (E.D. Mich. Sept. 15, 2014) (citing *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003)); *accord United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 611 (3d ed. 2004)); *Clemmons v. United States*, 376 F. App'x 507, 511 (6th Cir. 2010) (collecting cases).

So, as this Court informed Defendant nine days ago, he "may nevertheless contest the § 851 enhancement 'after conviction but before pronouncement of sentence.'" *United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 138033, at *3 (E.D. Mich. Jan. 9, 2023) (quoting 21 U.S.C. § 851(b)).

For failure to establish prejudice in the prior Order, and because Rule 36 does not warrant the relief that he seeks, Defendant's Motion to Correct Clerical Error will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion to Correct Record on Opinion Order in Regards to Motion to Strike 851 Enhancement, ECF No. 175, is **DENIED WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 19, 2023            s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge