UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:21-cr-20406-1

v.                                              Honorable Thomas L. Ludington
                                                   United States District Judge

DANIEL MARIN,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND FILING DEADLINE**

In December 2022, Defendant Daniel Marin was indicted on one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and one count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846. Second Superseding Indictment, ECF No. 141 at PageID.491–94. Marin also faces a sentencing enhancement under 21 U.S.C. § 851 for two prior "convictions for serious drug felonies." *Id.* at PageID.492–93. His first conviction was "for conspiracy to distribute a controlled substance," *id.* (citing 21 U.S.C. §§ 841(a)(1), 846), his second for "delivery of a controlled substance," *id.* (citing MICH. COMP. LAWS § 333.7401(2)(d)(1)); *see also* ECF No. 171 at PageID.648–51 (making Marin well aware of the consequence of § 851 enhancements).

In this case, Marin has successfully invoked his right to represent himself despite having the financial means to retain counsel, *see* ECF No. 104 (permitting Marin to represent himself with retained counsel proceeding as standby counsel); ECF No. 135 at PageID.474 (denying Marin's third motion to proceed without prepaying because "he did not even mention the money that he received 'to retain counsel' or how much if any remains").

Since then, Daniel Marin has filed 25 *pro se* motions that lacked merit or were untimely. *See* ECF Nos. 64; 72; 73; 74; 75; 81; 102; 106; 114; 116; 117; 120; 122; 124; 123; 131; 143; 144; 145; 147; 150; 166; 167; 168; 175; *United States v. Marin*, 597 F. Supp. 3d 1162 (E.D. Mich. 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 7045597 (E.D. Mich. Oct. 12, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 16544171 (E.D. Mich. Oct. 28, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 17093930 (E.D. Mich. Nov. 21, 2022); *United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 138033 (E.D. Mich. Jan. 9, 2023); *United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 156854 (E.D. Mich. Jan. 11, 2023); *United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 319939 (E.D. Mich. Jan. 19, 2023).

And he has filed two unsuccessful appeals. ECF Nos. 118; 130; *see also United States v. Marin*, No. 22-2006 (6th Cir. Dec. 9, 2022), ECF No. 19-1 (dismissing Marin's appeal for lack of jurisdiction); *United States v. Marin*, No. 22-2079 (6th Cir. Jan. 4, 2023), ECF No. 4-1 (same).

On December 1, 2022, the sixth and current Scheduling Order issued, requiring all motions to be "filed by: **December 14, 2022**." ECF No. 133 at PageID.467. The deadline for pretrial motions has not been extended beyond December 14, 2022. The deadline for Rule 16 disclosures is April 17, 2023. ECF No. 169.

On January 18, 2023, Marin filed a motion to extend the deadline to file pretrial motions. ECF No. 177. He presents three arguments, which will be addressed in turn.

First, Marin argues he needs more time because the Government filed a Second Superseding Indictment on the same day as the pretrial-motion deadline, preventing him from "fil[ing] a timely motion on the evidence" regarding the new count. ECF No. 177 at PageID.680.

But the Second Superseding Indictment only added one count: attempting or aiding and abetting the conspiracy to distribute that Marin and his Codefendants were indicted for five months

earlier. *Compare* First Superseding Indictment, ECF No. 67, *with* Second Superseding Indictment, ECF No. 141. Defendant has made no effort to explain what, if any, new evidence the attempt charge adds to his case that might require him to file additional pretrial motions. *See generally* ECF No. 177. Nor does he say anything about the types of pretrial motions that he might file. *Id.* On the contrary, attempt and aiding and abetting would seem to require less evidence than the conspiracy charge, which belies Marin's request. *Cf. United States v. Washington*, 106 F.3d 983, 1004–05 (D.C. Cir. 1997) ("[I]n either case, paradoxically, the crime ultimately charged is the same."). Therefore, Marin's first argument does not warrant an extension of the pretrial-motion filing deadline.

Second, Marin argues that "the Court never notified [him] that their [sic] was a Pre-Trial Motion deadline," adding that he did not know it until "he called his Stand-by Counsel 5 days prior to that deadline." ECF No. 177 at PageID.680.

But the first part of that statement is false. The first deadline to file pretrial motions was set in June 2021. ECF No. 49. Then Marin *stipulated* to adjourn the pretrial-motion deadline *four times*: (1) October 2021, ECF No. 50; (2) February 2022, ECF No. 59; (3) March 2022, ECF No. 63; (4) August 2022, ECF No. 101. And he was indicted for conspiracy to distribute in June 2021. ECF No. 44. Thus, even if he did not learn of the December 2022 filing deadline until five days before it, he had 14 months to file pretrial motions between his indictment and his final stipulated adjournment. And he did, as explained above. Yet he has made no effort to explain what, if any, additional pretrial motions he might file. *See generally* ECF No. 177. Therefore, Marin's second argument does not warrant an extension of the pretrial-motion filing deadline.

- 4 -

Finally, Marin argues that, after the Second Superseding Indictment was issued, he "received a [sic] Comprehensive Discovery," which "is voluminous." ECF No. 177 at PageID.680–81.

But this argument merely misunderstands federal criminal proceedings. The Federal Rules of Criminal Procedure list the "defenses, objections, and requests [that] must be raised by pretrial motion." FED. R. CRIM. P. 12(b)(3). Although Marin does not explain what, if any, pretrial motions he seeks to file, he may refile any of his motions that were denied without prejudice—even during trial if not prohibited by Rule 12(b)(3), which was explained to him. *See generally United States v. Marin*, No. 1:21-CR-20406-1, 2023 WL 156854 (E.D. Mich. Jan. 11, 2023) (denying four motions as "premature"). In sum, Rule 12 aptly outlines the procedures, requirements, and limitations for what Marin aims to do. And he has standby counsel to advise him as such. Under these circumstances, Marin's receipt of voluminous discovery does not require extending the pretrial-motion deadline.

Accordingly, it is **ORDERED** that Defendant's Motion to Extend Pre-Trial Motions Due to Superseding Indictments, ECF No. 177, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 20, 2023     s/Thomas L. Ludington
                            THOMAS L. LUDINGTON
                            United States District Judge