UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                    Case No. 1:21-cr-20406-1

v.                                                      Honorable Thomas L. Ludington
                                                             United States District Judge

DANIEL MARIN,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS INDICTMENT**

In December 2022, Defendant Daniel Marin was indicted on one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and one count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846. Second Superseding Indictment, ECF No. 141 at PageID.491–94. Marin also faces a sentencing enhancement under 21 U.S.C. § 851 for two prior "convictions for serious drug felonies." *Id.* at PageID.492–93. His first conviction was "for conspiracy to distribute a controlled substance," *id.* (citing 21 U.S.C. §§ 841(a)(1), 846), his second for "delivery of a controlled substance," *id.* (citing MICH. COMP. LAWS § 333.7401(2)(d)(1)); *see also* ECF No. 171 at PageID.648–51 (making Marin well aware of the consequence of § 851 enhancements).

On February 1, 2023, Marin filed a *pro se* motion to dismiss the attempt charge from his indictment. ECF No. 183. In sum, he argues "Double Jeopardy applies here" because his separate charges for attempt to distribute cocaine and conspiracy to distribute cocaine "arose out of the same incident and there is no additional proof." *Id.* at PageID.714 (cleaned up) (first citing *Brown v. Ohio*, 432 U.S. 161 (1977); and then citing *Hampton v. United States*, 425 U.S. 484 (1976)).

Marin is correct that "[t]he basic inquiry" is "whether proof of one offence charged requires an additional fact that proof of the other offense does not necessitate." *Id.* at PageID.713–14 (citations omitted) (cleaned up); *accord Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932), *as amended on denial of reh'g* (Jan. 31, 2013))).

But it is well established that "no double jeopardy violation occurs" from being charged with both attempt and conspiracy to distribute a controlled substance under 21 U.S.C. § 846, because "[c]onspiracy and attempt are separate offenses, each requiring proof of an element not required by the other," which "passes the *Blockburger* test." *United States v. Barrett*, 933 F.2d 355, 361 (6th Cir. 1991) (citations omitted); *accord United States v. McLean*, No. CR 13-487-1, 2020 WL 7384898, at *3 (E.D. Pa. Dec. 16, 2020) ("[T]he elements of conspiracy require proof of 'a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal.' Attempt, on the other hand, 'requires the specific intent to commit a crime . . . and a substantial step towards the commission of that crime.'" (omission in original) (internal citations omitted)); *Rodriguez v. United States*, No. 10-CIV-5259, 2011 WL 4406339, at *8 (S.D.N.Y. Sept. 22, 2011) ("[C]onspiracy requires the Government to prove the existence of an agreement; attempt requires the Government to prove that a defendant took a substantial step to complete the offense." (collecting cases)); 8A BARBARA J. VAN ARSDALE, FEDERAL PROCEDURE: LAWYER'S EDITION § 22:376 (2022) ("There is no double jeopardy violation in the imposition of concurrent sentences for convictions based on conspiracy and attempt arising from the same transaction since conspiracy and attempt are separate offenses, each

- 3 -

requiring proof of an element not required by the other." (citations omitted)). In this way, Marin's argument lacks merit. Consequently, his Motion to Dismiss will be denied with prejudice.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Count II of Second Superseding Indictment, ECF No. 183, is **DENIED WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: February 2, 2023          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge