UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DANIEL MARIN,

       Defendant.
_____/

Case No. 1:21-cr-20406-1
Case No. 1:21-mc-50372

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO RELIEVE FORFEITURE, TO COMPEL DISCOVERY, AND TO SUPPRESS EVIDENCE**

Transporting more than half a million dollars to purchase nearly forty pounds of cocaine, Daniel Marin led a three-car convoy to meet a member of a Mexican drug cartel at a hotel in Flint, Michigan. Little did he know, he was actually meeting undercover agents who recorded everything from their twenty phone calls to their meeting in the hotel room. So alleges the Government.

Marin wants to go to trial. Meanwhile, he seeks to prevent forfeiture of a cashier's check, to compel the Government to give him the original audio and video recordings, and to suppress records of his flights to the border of Mexico.

Because all three of his motions are premature, fail on the merits, or both, they will be denied without prejudice.

**I.**

In December 2022, Defendant Daniel Marin was indicted on one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, and one count of attempt to possess with intent to distribute cocaine, 18 U.S.C. § 2; 21 U.S.C. § 846. Second Superseding Indictment, ECF No. 141 at PageID.491–94. Marin also faces a sentencing

enhancement under 21 U.S.C. § 851, based on two prior "convictions for serious drug felonies": one "for conspiracy to distribute a controlled substance," 21 U.S.C. §§ 841(a)(1), 846, and one for "delivery of a controlled substance," MICH. COMP. LAWS § 333.7401(2)(d)(i). ECF No. 141 at PageID.492–93; *see also* ECF No. 171 at PageID.648–51 (informing Marin of the costs and benefits of § 851 enhancements).[1]

In this case, Marin successfully invoked his right to represent himself, despite having the financial means to retain counsel. *See* ECF Nos. 104 (permitting Marin to represent himself with retained counsel proceeding as standby counsel); 135 at PageID.474–75 (denying his third motion to proceed without prepaying because "he fought tooth and nail to proceed *pro se*" and "did not even mention the money that he received 'to retain counsel' or how much if any remains").

Then he filed 29 *pro se* motions that lacked merit or were untimely. *See* ECF Nos. 64; 72; 73; 74; 75; 81; 102; 106; 114; 116; 117; 120; 122; 124; 123; 131; 143; 144; 145; 147; 150; 166; 167; 168; 175; 177; 180; 183; 185. And he filed two unsuccessful appeals. ECF Nos. 118; 130.

Between February 8 and February 16, 2023, Marin filed three more *pro se* motions, which will be addressed in turn. *See* Mot. Relieve Forfeit., ECF No. 187; Mot. Compel Disc., ECF No.

---

[1] In November 1996, Marin pleaded guilty to delivering or manufacturing marijuana, MICH. COMP. LAWS § 333.7401(2)(c). *People v. Marin*, No. 96-011954-FH (Mich. 70th Cir. Ct. Saginaw Cnty. Apr. 1, 1999). In February 2012, he pleaded guilty to conducting a criminal enterprise (racketeering), MICH. COMP. LAWS § 750.159i(1), and a second offense of delivering or manufacturing at least 45 kilograms of marijuana, MICH. COMP. LAWS § 333.7401(2)(d)(i), for which he "was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 6 ½ to 25 years." *Marin v. Rapelje*, No. 2:14-CV-11436, 2016 WL 4362865, at *1 (E.D. Mich. Aug. 16, 2016); *aff'd sub nom. Marin v. Brewer*, No. 16-2420, 2017 WL 4677506, at *1 (6th Cir. Apr. 28, 2017). Eleven months after his discharge from prison, he was arrested for possessing 25 grams or less of cocaine, MICH. COMP. LAWS §§ 333.7403(2)(A)(5), 333.7413(2), to which he pleaded guilty, *see* MICH. DEP'T OF CORR., *Biographical Information*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267821 [https://perma.cc/7PFK-D6L3]; *People v. Marin*, No. 19-043374-FH (Mich. 20th Cir. Ct. Ottawa Cnty. June 13, 2020)).

189; Mot. Suppress Evid., ECF No. 192. Meanwhile, Marin's retained standby counsel was permitted to withdraw from the case, Marin was granted *in forma pauperis* status, and he was appointed a federal community defender. ECF Nos. 198–200. His pending *pro se* motions will nevertheless receive due attention.

## II.

Marin first opposes the forfeiture[2] of a cashier's check that "was seized March 31, 2021." ECF No. 187 at PageID.733.

### A.

As a threshold matter, to the extent that Marin is contesting the sufficiency of the Government's forfeiture pleadings, that issue has already been briefed and decided. *United States v. Marin*, No. 1:21-CR-20406-1, 2022 WL 7045597, at *3 (E.D. Mich. Oct. 12, 2022) (holding that the bill of particulars and the forfeiture allegations were procedurally and substantively proper) (first citing FED. R. CRIM. P. 32.2(a); and then citing 18 U.S.C. § 983(a)(3)).

And Marin's forfeiture motion is difficult to understand. It cites numerous provisions of the Federal Rules of Civil Procedure and the United States Constitution in a conclusory fashion. *See generally* ECF No 187. It arguably should be denied for lack of analysis. *Cf. Sorezo v. Buckingham Palace*, No. 1:22-CV-12540, 2023 WL 1816084, at *2 (E.D. Mich. Feb. 8, 2023) (denying motion for "lack of analysis" (quoting *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2023 WL 372641, at *3 (E.D. Mich. Jan. 24, 2023)). Yet, one legal argument can be discerned from the forfeiture motion.

---

[2] For a brief history of how the United States appropriated forfeiture from medieval England, see *Novak v. Federspiel*, No. 1:21-CV-12008, 2023 WL 1094545, at *11–12 (E.D. Mich. Jan. 27, 2023).

**B.**

Marin asserts "there is no nexus that his currency is subject to forfeiture" based on the notice of the seizure that he received "on May 18, 2021."[3] ECF No. 187 at PageID.737.

"It is written," says the opening line of an inapposite case Marin cited, "that '[t]o every thing there is a season, and a time to every purpose.'" *Ríos-Campbell v. U.S. Dep't of Com.*, 927 F.3d 21, 23 (1st Cir. 2019) (quoting *Ecclesiastes* 3:1). And that music, were it a seed, sprouted in the wrong season.

The deadline for Marin to challenge the administrative forfeiture has long since passed. The cashier's check was seized on March 30, 2021. *In re Seizure of All Funds on Deposit in Frankenmuth Credit Union Acct. No. 93875-110 up to & Including $14,930*, No. 1:21-MC-50372 (E.D. Mich. Apr. 16, 2021), ECF No. 3 at PageID.17. Marin says he received notice of the forfeiture on May 18, 2021. ECF No. 187 at PageID.733. Thus, based on the record, his deadline to challenge the administrative forfeiture of his check was June 22, 2021. 18 U.S.C. § 983(a)(2)(B) ("A claim . . . deadline may not be earlier than 35 days after the date the [personal notice] letter is mailed" or, "if that letter is not received, then . . . not later than 30 days after the date of final publication of notice of seizure.").

As for the subsequent criminal-forfeiture proceedings, his motion is too soon. Because the property is considered evidence in the criminal case, "the court must determine . . . the requisite nexus between the property and the offense" and enter any preliminary forfeiture orders "[a]s soon as practical *after* a verdict or finding of guilty, or after a plea of guilty or nolo contendere is

---

[3] Although Marin's substantive argument will not be addressed at length because it is untimely, the affidavit upon which Magistrate Judge Curtis Ivy Jr. issued the seizure warrant demonstrates a direct nexus between the cashier's check and the alleged conspiracy. *See In re Seizure of All Funds on Deposit in Frankenmuth Credit Union Acct. No. 93875-110 up to & Including $14,930*, No. 1:21-MC-50372 (E.D. Mich. Mar. 19, 2021), ECF No. 1 at PageID.2–11.

accepted." FED. R. CRIM. P. 32.2(b)(1)(A) (emphasis added). But Marin has not received a verdict, been found guilty, or pleaded guilty or nolo contendere. So his forfeiture motion is premature and will be denied accordingly. *See United States v. Mongol Nation*, 132 F. Supp. 3d 1207, 1217 (C.D. Cal. 2015) ("[A] pretrial motion to dismiss is not the appropriate time to determine the viability of a potential forfeiture of property after a potential conviction."), *rev'd and remanded on other grounds*, 693 F. App'x 637 (9th Cir. 2017); *see also United States v. Maddux*, 37 F.4th 1170, 1177 (6th Cir. 2022) (explaining that forfeiture must generally be "imposed at sentencing"); *United States v. Coffman*, 574 F. App'x 541, 561 (6th Cir. 2014) (noting that criminal defendants may "waive[ the] right to a jury determination of the forfeiture issues" (citing FED. R. CRIM. P. 32.2(b)(5)(A))).

Indeed, "there are many possible outcomes in the course of trial, conviction, and enforcement of any potential forfeiture, such that any adjudication of the constitutional issues would essentially constitute an advisory opinion." *Mongol Nation*, 132 F. Supp. 3d at 1217; *see also United States v. Dote*, 150 F. Supp. 2d 935, 943 (N.D. Ill. 2001) ("[T]he amount of money subject to forfeiture. . . . is manifestly a question of fact, properly left to the jury, not something we can resolve on the pleadings."); *United States v. Hilliard*, 818 F. Supp. 309, 315 (D. Colo. 1993) (holding that joint ownership with spouse does warrant not dismissal of forfeiture allegations); *United States v. Razo-Quiroz*, No. 1:19-CR-00015, 2019 WL 1517571, *3 (E.D. Cal. Apr. 8, 2019) (denying preconviction motion to dismiss forfeiture allegations as premature).

In sum, Marin may challenge forfeiture here, but he must do so at the time prescribed by law. Consequently, his Motion to Relieve Forfeiture will be denied without prejudice.

### III.

Marin's next motion seeks to compel the Government to produce the full audio and video recordings from the sting operation under Federal Rule of Criminal Procedure 16(a)(1). ECF No. 189. The Government explains that it provided Marin with 24 videos of him in "the hotel room, the hotel hallway, and an area outside the hotel." ECF No. 197 at PagID.777–78. In sum, Marin argues the videos that the Government produced (1) are "missing points" where they are "broken down in segments" and (2) have "a timestamp date of 2001 which is 10 years later from the instant offense." ECF No. 189 at PageID.746 (cleaned up).

The Government acknowledges that the 24 videos were "broken into segments by Homeland Security," ECF No. 197 at PageID.778, which "prevent[s] the size of the file from being too large to be placed on storage devices," *id.* at PageID.776. In this way, the Government "has provided Marin a full copy of all surveillance video taken in this matter," which "has not been edited or enhanced." *Id.* at PageID.778. "The Government has also provided the transcription of these videos." *Id.* at PageID.776. And the Government furnished a "summary" and "copies" of the 20 "recorded phone calls between Marin and the [undercover agent]." *Id.* at PageID.777.

Marin is correct that he "is allowed to inspect, [to] copy[,] or [to] photograph any exculpatory/impeachment evidence." ECF No. 189 at PageID.745–46 (first citing *Brady v. Maryland*, 373 U.S. 83 (1983); then citing *United States v. Agurs*, 427 U.S. 97 (1976), *holding modified by United States v. Bagley*, 473 U.S. 667 (1985); and then citing *Giglio v. United States*, 405 U.S. 150 (1972)).

But he has no right to the original recordings under these circumstances. *United States v. DeLeon*, 428 F. Supp. 3d 716, 766 (D.N.M. 2019) (holding that criminal defendants "cannot justify compelling production of all original recordings" if the Government "clarified that everything the

recording devices recorded has been disclosed to the Defendants" (citing *United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988) (per curiam))); *see* FED. R. CIV. P. 16(a)(1)(E); *see also United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990) ("The Supreme Court has made clear that the *Brady* rule is not an evidentiary rule which grants broad discovery powers to a defendant and that '[t]here is no general constitutional right to discovery in a criminal case.'" (alteration in original) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977))). In sum, based on the record, the Government has given Marin everything to which he is entitled.

And a 2001 timestamp being "10 years *later* than the instant offense" would make no sense. The underlying events happened in 2020. Ten years later would be 2030. Ten years earlier would be 2010. Thus it is not clear what Marin is arguing. *But see United States v. Mize*, 498 F. Supp. 3d 978, 986 (S.D. Ohio 2020) (explaining that, absent "suggestions that the Government manipulated the archived footage or otherwise acted in bad faith," an authenticity argument "merely goes to the weight of the evidence, not admissibility"). Yet the Government responded that the timestamps "clearly show that none of the videos have been edited and no portion has been removed but rather is one continuous video broken into segments." ECF No. 197 at PageID.778; *accord id.* at PageID.776 ("The video has time stamps which show that the video never stops recording and that none of the segments have been edited or removed."). So this argument lacks merit at this time.

For those reasons, Marin's Motion to Compel Discovery will be denied without prejudice.

**IV.**

Finally, Marin has filed what appears to be a motion to suppress unidentified evidence. ECF No. 192. Although his argument is difficult to discern, the Government has provided the following reasonable interpretation of it: On October 13, 2022, the Department of Homeland Security subpoenaed United Airlines, under 21 U.S.C. § 967, to obtain Marin's travel records from

July–September 2020. ECF No. 196 at PageID.770. On December 18, 2022, United Airlines produced travel records showing Marin and his codefendants took numerous flights from Midland, Michigan to Brownsville, Texas, a border town. *Id.* Marin seeks to suppress those travel records.

In sum, Marin is arguing Homeland Security may not issue subpoenas under 21 U.S.C. § 967, because its "statutory authorization falls under 18 U.S.C. [§] 545." ECF No. 192 at 754–55.

As a threshold matter, Marin has no apparent legal standing to challenge the subpoenas. Because 21 U.S.C. § 967 does not "provide[] an express right to challenge the subpoenas issued under [it]," Marin "does not fall within the zones of interest [it is] meant to protect and thus cannot challenge the [United Airlines] Subpoenas." *United States v. Brooks*, 841 F. App'x 346, 351 (3d Cir. 2020); *accord United States v. Leininger*, No. 3:16-CR-01530, 2016 WL 6476310, at *9 (S.D. Cal. Nov. 2, 2016) ("Leininger has failed to point to any authority which would find that obtaining an administrative subpoena for the Government's stated purposes falls outside of § 967 or that its overbroad use would justify suppression of the evidence.").

And there is no apparent legal basis for the remedy that he seeks. "Even if [Marin] could challenge the subpoenas, suppression is not an available remedy because [21 U.S.C. § 967 is] silent as to whether exclusion is appropriate." *United States v. Brooks*, 841 F. App'x 346, 351 n.5 (3d Cir. 2020) (citing *United States v. Moalin*, 973 F.3d 977, 996 (9th Cir. 2020)).

Yet Marin's motion would fail on the merits too. The Secretary of the Treasury may issue subpoenas for "records" that are "relevant or material to the investigation" if it "is necessary and proper to the enforcement of [18 U.S.C. § 545] (relating to smuggling goods into the United States) with respect to any controlled substance (as defined in [21 U.S.C. § 802])." 21 U.S.C. § 967. And the Secretary of the Treasury may "designate" Homeland Security and its subsidiaries, including Immigration and Customs Enforcement, "to serve" such subpoenas. *See* 21 U.S.C. § 968.

- 9 -

Here, the subpoenas were relevant and necessary. As explained above, the Government alleges Marin intended to purchase 17 kilograms of cocaine from the Mexican cartel. So Homeland Security sought travel records from United Airlines for the times immediately before and after the day that Marin allegedly attempted to purchase the cocaine. And the subpoena, which was likely issued by the Secretary of the Treasury, revealed travel records of Marin traveling to the Texas–Mexico border shortly before the alleged purchase. Such records are not only relevant and material to the smuggling of controlled substances into the United States but also necessary to enforce the statutes prohibiting it. Although a § 967 subpoena not issued by the Secretary of the Treasury might undergo a different analysis, Marin has not alleged such a circumstance.

For those reasons, Marin's Motion to Suppress Evidence will be denied without prejudice.

**V.**

Accordingly, it is **ORDERED** that Defendant's Motion to Relieve Forfeiture, ECF No. 187, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Compel Discovery, ECF No. 189, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Suppress Evidence, ECF No. 192, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: March 9, 2023　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge