UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,              Case No. 21-cr-20406

-vs-                                      District Judge Thomas L. Ludington

DANIEL MARIN,

                  Defendant.
_____/

**SUPPLREMENTAL BRIEF IN SUPPORT OF DEFENDANT MARIN'S
MOTION FOR DOWNWARD DEPARTURE**

Effective November 1, 2023 several amendments to the United States Sentencing Guidelines go into effect. One of the amendments involves "status points" under the Criminal History section.

> Under the previous "status points" provision, two criminal history points were added under §4A1.1(d) if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The amendment limits the overall criminal history impact of "status points" in two ways. First, as revised, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through (d) in addition to having been under a criminal justice sentence at the time of the instant offense. Offenders with six or fewer criminal history points under subsections (a) through (d) will no longer receive "status points." Second, the amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.[1]

---

[1] Amendments to the Sentencing Guidelines, pg. 77, April 27, 2023, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf

Additionally, it has been determined that the status points amendment will be applied retroactively.[2] The United States Sentencing Commission determined that the retroactive application would meaningfully impact the sentence of many currently incarcerated individuals.

In the instant matter, Defendant Marin was assessed status points. PSR pg. 18, ¶ 54. The Defendant had a criminal history score of 8 and the additional 2 status points gave the Defendant a total criminal history score of 10, placing him in Criminal History Category V.

With the amendment, Defendant Marin would only receive 1 status point as his criminal history score was higher than 7 (8). Now the Defendant's total criminal history score is 9, effectively taking the Defendant from Criminal History Category V to IV.

Respectfully submitted,

s/ Alan A. Crawford
Alan A. Crawford (P74474)
120 N. Michigan Ave. #303
Saginaw, Michigan 48602
989.355.1717
989.352.3141 Fax
alan@acrawfordlaw.com

Dated: September 9, 2023

---

[2] *See* Amendments to the Sentencing Guidelines, pg. 1, August 31, 2023, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 21-cr-20406

-vs-        District Judge Thomas L. Ludington

DANIEL MARIN,

        Defendant.
_____/

**CERTIFICATION**

I hereby certify that the forgoing papers were electronically filed this date, and served electronically to the following:

**AUSA TIMOTHY TURKELSON**
Assistant United States Attorney
600 Church St.
Flint, MI 48502
(810)-766-5100

By: s/ Alan A. Crawford

Date: September 9, 2023