UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 1:21-cr-20406-1

v.                                         Honorable Thomas L. Ludington
                                               United States District Judge

DANIEL MARIN,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE WITHOUT PREJUDICE AND DENYING THE GOVERNMENT'S MOTION TO ADJOURN RESPONSE DEADLINE AS MOOT**

In March 2023, Defendant Daniel Marin pleaded guilty to attempting to possess with an intent to distribute cocaine. ECF Nos. 202 at PageID.794; 203; 215 at PageID.841. Accordingly, on September 14, 2023, this Court sentenced Defendant to 145 months' imprisonment, to be followed by five years of supervised release. ECF Nos. 273 at PageID.1194–95; ECF No. 293.

In March 2024, Defendant filed a motion seeking a sentence reduction under the 2023 Criminal History Amendment, commonly referred to as Amendment 821. ECF No. 290. In June 2024, this Court denied that motion because (1) Defendant was not eligible for sentence reduction under "Part B" of the Amendment because he had a criminal history; and (B) Defendant already received the benefit of "Part A" of Amendment 821 at sentencing because, in accordance with the Amendment, this Court assessed only "*one* additional criminal history point under U.S.S.G. § 4A1.1(e), rather than *two* additional criminal history points as called for before the Amendment." ECF No. 296 at PageID.1321–22 (explaining "[e]ven though Amendment 821 was not yet in effect at the time Defendant was sentenced, the Sentencing Commission had already announced the Amendment and its retroactivity" and, accordingly, all Parties agreed Defendant's sentence would

reflect the Amendment). Defendant directly appealed. ECF Nos. 300; 301; *see also United States v. Marin*, Docket No. 24-1573 (6th Cir. 2024). Yet, two months after appealing this Court's sentence-reduction denial, Defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 303. This Court directed the Government to respond. ECF No. 306. Instead of responding, the Government filed a motion to hold its response in abeyance pending Defendant's appeal. ECF No. 307. But Defendant's appeal divests this Court with jurisdiction to consider his § 2255 Motion. So Defendant's § 2255 Motion, ECF No.303, will be denied without prejudice, and the Government's Motion to hold its response in abeyance, ECF No. 307, will be denied as moot.

"The traditional rule is that a timely appeal divests the district court of jurisdiction . . . until the case is remanded by the Court of Appeals." *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (internal quotations omitted). Although "an exception to this rule allows a District Court to entertain a motion for relief from judgment after an appeal has been filed," "[t]he decision of whether to hear this type of post-judgment motion while an appeal is pending is within the District Court's discretion, and there is no error where the District Court decides to let the appeal run its course." *Id.* Indeed, "[a]bsent extraordinary circumstances, a district court is normally precluded from considering a § 2255 motion while review of a defendant's direct criminal appeal is pending." *Gray v. United States*, 82 F.3d 418 (6th Cir. 1996); *see also Hadley v. United States*, No. 1:10-CR-57, 2011 WL 3608666, at *1 (E.D. Tenn. Aug. 16, 2011); *Dunnican v. United States*, No. 1:06-CR-0594, 2008 WL 5146533, at *2 (N.D. Ohio Dec. 5, 2008) (noting this general preclusion is "consistent with the Advisory Committee Notes to the Rules Governing Section 2255 Proceedings, which state [that, although] there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] the orderly administration of

criminal law precludes considering such a motion absent extraordinary circumstances." (internal quotations and citations omitted)); *United States v. Conerly*, No. CRIM 06-20140, 2007 WL 2288041, at *1 (E.D. Mich. Aug. 6, 2007) (concluding defendant's appeal "divested" the court's jurisdiction to consider defendant's § 2255 motion). Defendant has presented no "extraordinary circumstances" which would warrant this Court's consideration of his § 2255 Motion while his appeal is pending. *See* ECF No. 303. In this Court's discretion, it makes far more sense to allow Defendant's appeal to "run its course." In the meantime, Defendant's Motion will be denied without prejudice, ECF No. 303, and the Government's Motion, ECF No. 307, will be denied as moot.

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255, ECF No. 303, is **DENIED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that the Government's Motion to Hold the Government's Response in Abeyance, ECF No. 307, is **DENIED AS MOOT.**

Dated: October 8, 2024                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge